SHADE T. UNDERWOOD, JR.          )
                                 )
     Petitioner/Appellant,       )     Appeal No.
                                 )     01-A-01-9508-CV-00360
v.                               )
                                 )     Davidson Circuit
GOVERNOR NED RAY McWHERTER,      )     No. 93C-1678
et al,                           )
                                 )
     Respondents/Appellees.      )

FILED

Jan. 5, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

SHADE T. UNDERWOOD
Northeast Correctional Center
P. O. Box 5000
Mountain City, Tennessee  37683-5000
     PRO SE APPELLANT

CHARLES W. BURSON
Attorney General & Reporter

MERRILYN FEIRMAN
Assistant Attorney General
500 Charlotte Avenue
Nashville, Tennessee  37243-0491
     ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# O P I N I O N

This is an appeal by petitioner/appellant, Shade T. Underwood, Jr., from the trial court's dismissal of his petition for declaratory judgment and violations of civil rights. The sole issue presented by petitioner is "[w]hether the trial court properly dismissed the petition for want of prosecution."

This case commenced when petitioner filed his petition titled "complaint for declaratory judgment and violations of civil rights." Petitioner sued respondents in their official capacities and not in their personal capacities. Because petitioner had served respondents in their official capacities only, the state moved for an extension of time in which to answer until petitioner served all parties in both their official and personal capacities. Subsequently, petitioner moved to strike respondents' motion for an extension of time in which to file an answer.

On 28 July 1994, the deputy clerk gave petitioner notice that the court would dismiss his case unless petitioner obtained an order within thirty days setting the case for trial or exempting it from Rule 37.01 of the Local Rules of Practice of the Courts of Record of Davidson County, Tennessee. On 9 August 1994, petitioner filed a motion to exempt the case and to set it for trial. In an order, filed 27 January 1995, the trial court dismissed the petition for want of prosecution pursuant to Rule 37.02 of the Local Rules of Practice of the Courts of Record of Davidson County, Tennessee. On 6 February 1995, petitioner filed his notice of appeal.

Petitioner filed this case, and it was pending for more than one year. During this time, petitioner failed to receive specific

2

permission from the court to exempt his case from the one year rule. Rule 37.01 provides: "All civil cases must be concluded or set for trial within twelve months from the date of filing unless the court has directed a shorter or longer period for specific cases. These standards will be implemented by appropriate orders from the court." The parties do not dispute the fact that the instant case was not set for trial within the appropriate time frame.

On 27 January 1995, the trial court ordered the dismissal of the petition pursuant to Rule 37.02. That rule provides: "To expedite cases, the court may take reasonable measures to purge the docket of old cases. The Presiding Judge, with the concurrence of the judges or chancellors affected, may make such necessary orders and take such actions as are required to see that the dockets are uniformly purged." Because petitioner failed to appropriately prosecute his case within a timely manner, the trial court properly dismissed the petition.

Therefore, we are precluded from addressing the merits of this case as urged by petitioner. The judgment of the trial court is affirmed, and the costs are assessed to petitioner/appellant. The cause is remanded to the trial court for any further necessary proceedings.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

3